# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

400 MCALLISTER STREET, SAN FRANCISCO, CA 94102

| | |
|---|---|
| ALEXIS BRONSON | **Pretrial Department 212**<br>**Case Management Order** |
| PLAINTIFF (S) | |
| VS. | **NO. CGC-03-424377** |
| THE CITY & COUNTY OF SAN FRANCISCO et al | **Order To Show Cause** |
| DEFENDANT (S) | |

TO: PLAINTIFF'S COUNSEL OR PLAINTIFF(S) IN PROPRIA PERSONA

The FEB-13-2004 CASE MANAGEMENT CONFERENCE is canceled.

YOU ARE HEREBY ORDERED TO APPEAR in Department 212 on MAR-29-2004 at 1:30 PM, pursuant to Local Rules 3.0, 3.1, 3.3, and 3.4 to show cause why this action should not be dismissed or why sanctions should not be imposed for failure to:

file proof of service on defendant(s) and obtain answer(s), or enter default(s).

CRC 201.7(i) requires the filing and service of responsive papers to the Order to Show Cause no less than 5 calendar days before the hearing.

However, it would facilitate the issuance of a case management order prior to the Order to Show Cause hearing if the Response to Order to Show Cause is filed, served and lodged in Department 212 twenty (20) days before the Order to Show Cause hearing.

PLAINTIFF'S COUNSEL OR PLAINTIFF(S) IN PROPRIA PERSONA must send a copy of this notice to all parties not listed on the attached proof of service within five (5) days of the date of this order.

You may call (415) 551-4000 after 12:00 noon the day before the hearing to determine whether your compliance has taken the order to show cause off calendar.

DATED: FEB-04-2004          ARLENE T. BORICK

                            JUDGE/COMMISSIONER

Order To Show Cause
Form 000001

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

400 MCALLISTER STREET, SAN FRANCISCO, CA 94102

ALEXIS BRONSON

**Pretrial Department 212**
**Case Management Order**

PLAINTIFF (S)

VS.

**NO. CGC-03-424377**

THE CITY & COUNTY OF SAN FRANCISCO et al

**Continued Order to Show Cause**

DEFENDANT (S)

---

TO: PLAINTIFF'S COUNSEL OR PLAINTIFF(S) IN PROPRIA PERSONA

The MAR-29-2004 ORDER TO SHOW CAUSE is canceled.

YOU ARE HEREBY ORDERED TO APPEAR in Department 212 on JUN-01-2004 at 1:30 PM, pursuant to Local Rules 3.0, 3.1, 3.3, and 3.4 to show cause why this action should not be dismissed or why sanctions should not be imposed for failure to:

file proof of service and obtain answer(s) or enter default(s) against defendant(s) JAMES C DOYLE

CRC 201.7(i) requires the filing and service of responsive papers to the Order to Show Cause no less than 5 calendar days before the hearing.

However, it would facilitate the issuance of a case management order prior to the Order to Show Cause hearing if the Response to Order to Show Cause is filed, served and lodged in Department 212 twenty (20) days before the Order to Show Cause hearing.

PLAINTIFF'S COUNSEL OR PLAINTIFF(S) IN PROPRIA PERSONA must send a copy of this notice to all parties not listed on the attached proof of service within five (5) days of the date of this order.

You may call (415) 551-4000 after 12:00 noon the day before the hearing to determine whether your compliance has taken the order to show cause off calendar.

DATED:  MAR-25-2004                 ARLENE T. BORICK

                                    JUDGE/COMMISSIONER

Continued Order to Show Cause
Form 000001

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

400 MCALLISTER STREET, SAN FRANCISCO, CA 94102

ALEXIS BRONSON

**Pretrial Department 212**
**Case Management Order**

PLAINTIFF (S)

VS.

**NO. CGC-03-424377**

THE CITY & COUNTY OF SAN FRANCISCO et al

**Continued Order to Show Cause**

DEFENDANT (S)

TO: PLAINTIFF'S COUNSEL OR PLAINTIFF(S) IN PROPRIA PERSONA

YOU ARE HEREBY ORDERED TO APPEAR in Department 212 on AUG-02-2004 at 1:30 PM, pursuant to Local Rules 3.0, 3.1, 3.3, and 3.4 to show cause why this action should not be dismissed or why sanctions should not be imposed for failure to:

file proof of service as to defendant JAMES C DOYLE; and obtain answer(s) or enter default(s) against defendant(s).

CRC 201.7(i) requires the filing and service of responsive papers to the Order to Show Cause no less than 5 calendar days before the hearing.

However, it would facilitate the issuance of a case management order prior to the Order to Show Cause hearing if the Response to Order to Show Cause is filed, served and lodged in Department 212 twenty (20) days before the Order to Show Cause hearing.

PLAINTIFF'S COUNSEL OR PLAINTIFF(S) IN PROPRIA PERSONA must send a copy of this notice to all parties not listed on the attached proof of service within five (5) days of the date of this order.

You may call (415) 551-4000 after 12:00 noon the day before the hearing to determine whether your compliance has taken the order to show cause off calendar.

DATED: JUN-01-2004                    ARLENE T. BORICK

                                      JUDGE/COMMISSIONER

Continued Order to Show Cause
Form 000001

1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Attorney
3  DAVID B. NEWDORF, State Bar #172960
   Deputy City Attorney
4  INGRID M. EVANS, State Bar #179094
   Deputy City Attorneys
5  Fox Plaza
   1390 Market Street, 6th Floor
6  San Francisco, California 94102-5408
   Telephone:    (415) 554-3892
7  Facsimile:    (415) 554-3837

8  Attorneys for Defendant
   CITY AND COUNTY OF SAN FRANCISCO
9  (also sued erroneously as San Francisco Police Department)

10

11            SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                    COUNTY OF SAN FRANCISCO

13                    UNLIMITED CIVIL JURISDICTION

14  ALEXIS BRONSON,                        Case No. CGC-03-424377

15            Plaintiff,                   **REQUEST FOR JUDICIAL NOTICE**
                                           **IN SUPPORT OF DEMURRER**
16       vs.
                                           Hearing Date:      August 4, 2004
17  CITY AND COUNTY OF SAN                 Hearing Judge:     Hon. James L. Warren
    FRANCISCO, SAN FRANCISCO               Time:              9:30 a.m.
18  POLICE DEPARTMENT, JAMES C.            Place:             Dept. 301
    DOYLE, AND DOES 1 TO 10
19  INCLUSIVE,                             Date Action Filed: December 18, 2003
                                           Trial Date:        n/a
20            Defendants.
          :                                Attached Documents:  Deposition of
21                                         Alexis Bronson

22

23

24       Pursuant to Evidence Code section 452(d) and (h), defendant City and County of San

25  Francisco requests that this Court take judicial notice of the Deposition of Alexis Bronson dated

26  February 18, 2004 in, *Bull et al. v. City and County of San Francisco,* C 03-1840 CRB (U.S.

27  District Court for the Northern District of Calif.), a related federal action to which plaintiff

28

1  Bronson is a named party.  A true copy of the relevant portion of the deposition is attached as

2  Exhibit A.

3     Dated:  July 1, 2004

4                                         DENNIS J. HERRERA
                                          City Attorney
5                                         JOANNE HOEPPER
                                          Chief Trial Attorney
6                                         DAVID B. NEWDORF
                                          Deputy City Attorney
7                                         INGRID M. EVANS
                                          Deputy City Attorney
8

9                                         By
                                          DAVID B. NEWDORF
10

11                                        Attorneys for Defendant
                                          CITY AND COUNTY OF SAN FRANCISCO
                                          (erroneously also sued as San Francisco Police
12                                        Department)

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REQ. FOR JUDICIAL NOTICE – DEMURRER          CASE NO. 424377

# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARY BULL, JONAH ZERN,
AND ALL OTHERS SIMILARLY
SITUATED,

        PLAINTIFFS,

     VS.

CITY AND COUNTY OF SAN
FRANCISCO, ET AL.,

        DEFENDANTS.

NO. C03-1840-CRB



DEPOSITION OF

ALEXIS BRONSON

WEDNESDAY, FEBRUARY 18, 2004

VOLUME I, PAGES 1 - 200

REPORTED BY:    SHARON VARTANIAN
                       C.S.R. NO. 10898

BONNIE L. WAGNER & ASSOCIATES
COURT REPORTING SERVICES
41 SUTTER STREET
SAN FRANCISCO, CALIFORNIA 94104
(415) 982-4849

1          BE IT REMEMBERED THAT, PURSUANT TO NOTICE OF

2   TAKING DEPOSITION, AND ON WEDNESDAY, FEBRUARY 18, 2004,

3   COMMENCING AT THE HOUR OF 9:20 A.M., THEREOF, AT THE LAW

4   OFFICES OF CASPER, MEADOWS & SCHWARTZ, 2121 N.

5   CALIFORNIA BOULEVARD, SUITE 1020, WALNUT CREEK,

6   CALIFORNIA 94596 , BEFORE ME, SHARON VARTANIAN, A

7   CERTIFIED SHORTHAND REPORTER, THERE PERSONALLY APPEARED

8                      ALEXIS BRONSON,

9   THE PLAINTIFF HEREIN, CALLED AS A WITNESS BY THE

10  DEFENDANTS, WHO, BEING BY ME FIRST DULY SWORN, WAS

11  THEREUPON EXAMINED AND INTERROGATED AS IS HEREINAFTER

12  SET FORTH.

13                      - - -OOO- - -

14

15

16

17

18

19

20

21

22

23

24

25

                                                          5

```
 1        A.  NO.  I MEAN, HE MIGHT HAVE, BUT I KNEW.

 2        Q.  DID YOU -- APART FROM THEM BEING FELONIES, DID

 3   YOU BELIEVE THAT THEY WERE CHARGES THAT RELATED TO ACTS

 4   OF VIOLENCE?

 5        A.  I DIDN'T KNOW WHAT THEY WERE RELATED TO.

 6        Q.  YOU MEAN YOU DIDN'T KNOW --

 7        A.  OH, WHAT YOU --

 8            MR. SCHWARTZ:  WAIT A SECOND.

 9            THE WITNESS:  I CAN ONLY ASSUME.

10            MR. SCHWARTZ:  EXCUSE ME.  YOU ANSWERED THE

11   QUESTION.  HE IS ABOUT TO ASK YOU ANOTHER ONE.  DON'T

12   INTERRUPT HIM.  JUST ANSWER HIS QUESTION.

13            THE WITNESS:  OKAY.  YES, SIR.

14            MR. NEWDORF:  IT'S OKAY.  I DON'T MIND.

15        Q.  DO YOU MEAN THAT YOU DIDN'T KNOW WHAT ACTS YOU

16   WERE ACCUSED OF DOING?

17        A.  THAT'S CORRECT.

18        Q.  BUT YOU KNEW THAT THE CHARGES THAT YOU WERE

19   BEING CHARGED WITH WERE FELONIES?

20        A.  THAT'S CORRECT.

21        Q.  AND YOU BELIEVE THAT THOSE PARTICULAR CHARGES

22   AUTHORIZED THE SHERIFF TO CONDUCT A STRIP SEARCH?

23        A.  YEAH, THAT'S CORRECT.

24        Q.  AND AT THAT POINT WHAT DID YOU SAY OR DO?

25        A.  I LOOKED AT HIM LIKE WHAT ARE YOU TALKING
```

BONNIE L. WAGNER & ASSOCIATES
(415) 982-4849

```
 1   STATE OF CALIFORNIA                    )
 2                                          )   SS.
 3   COUNTY OF SAN FRANCISCO                )
 4
 5           I HEREBY CERTIFY THAT THE WITNESS IN THE
 6   FOREGOING DEPOSITION NAMED
 7                    ALEXIS BRONSON
 8   WAS BY ME DULY SWORN TO TESTIFY THE TRUTH, THE WHOLE
 9   TRUTH, AND NOTHING BUT THE TRUTH IN THE WITHIN-ENTITLED
10   CAUSE; THAT SAID DEPOSITION WAS TAKEN AT THE TIME AND
11   PLACE THEREIN STATED; THAT THE TESTIMONY OF SAID WITNESS
12   WAS REPORTED BY ME,
13                    SHARON VARTANIAN,
14   A CERTIFIED SHORTHAND REPORTER, LICENSE NUMBER 10898;
15   AND DISINTERESTED PERSON; AND WAS TAKEN DOWN BY ME IN
16   STENOTYPE AND TRANSCRIBED THROUGH COMPUTER-AIDED
17   TRANSCRIPTION; AND THAT THE PERTINENT PROVISIONS OF THE
18   APPLICABLE CODE OR RULES OF CIVIL PROCEDURE RELATING TO
19   THE NOTIFICATION OF THE WITNESS AND COUNSEL FOR THE
20   PARTIES HERETO OF THE AVAILABILITY OF THE ORIGINAL
21   TRANSCRIPT OF DEPOSITION FOR READING, CORRECTING AND
22   SIGNING HAVE BEEN COMPLIED WITH.
23           AND I FURTHER CERTIFY THAT I AM NOT OF COUNSEL
24   OR ATTORNEY FOR EITHER OR ANY OF THE PARTIES TO SAID
25   DEPOSITION, NOR IN ANY WAY INTERESTED IN THE OUTCOME OF
```

195

1  THE CAUSE NAMED IN SAID CAPTION.

2           IN WITNESS WHEREOF, I HAVE HEREUNTO SUBSCRIBED

3  MY HAND THIS 27TH DAY OF FEBRUARY, 2004.

4

5

6

7

8                          _____
                            SHARON VARTANIAN
9                          CSR NO. 10898

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

196

# PROOF OF SERVICE

I, Heidi Bennett, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the within entitled action. I am employed at the City Attorney's Office of San Francisco. Fox Plaza Building, 1390 Market Street, Fifth Floor, San Francisco, CA 94102.

On July 1, 2004, I served the attached:

## REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEMURRER

on the interested parties in said action, by placing a true copy thereof in sealed envelope(s) addressed as follows:

Michael E. Cardoza
The Cardoza Law Offices
1111 Civic Drive, Suite 320
Walnut Creek, CA 94596
Tel: 925-274-2900
Fax: 925-274-2910

and served the named document in the manner indicated below:

☒ **BY MAIL**: I caused true and correct copies of the above documents, by following ordinary business practices, to be placed and sealed in envelope(s) addressed to the addressee(s), at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, City and County of San Francisco, California, 94102, for collection and mailing with the United States Postal Service, and in the ordinary course of business, correspondence placed for collection on a particular day is deposited with the United States Postal Service that same day.

☐ **BY PERSONAL SERVICE**: I caused true and correct copies of the above documents to be placed and sealed in envelope(s) addressed to the addressee(s) and I caused such envelope(s) to be delivered by hand on the office(s) of the addressee(s).

☐ **BY EXPRESS SERVICES OVERNITE**: I caused true and correct copies of the above documents to be placed and sealed in envelope(s) addressed to the addressee(s) and I caused such envelope(s) to be delivered to EXPRESS SERVICES OVERNITE for overnight courier service to the office(s) of the addressee(s).

☐ **BY FACSIMILE**: I caused a copy(ies) of such document(s) to be transmitted via facsimile machine. The fax number of the machine from which the document was transmitted was Fax #'. The fax number(s) of the machine(s) to which the document(s) were transmitted are listed above. The fax transmission was reported as complete and without error. I caused the transmitting facsimile machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed July 1, 2004, at San Francisco, California.

_____
HEIDI BENNETT

1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Attorney
3  DAVID B. NEWDORF, State Bar #172960
   Deputy City Attorney
4  INGRID M. EVANS, State Bar #179094
   Deputy City Attorneys
5  Fox Plaza
   1390 Market Street, 6th Floor
6  San Francisco, California 94102-5408
   Telephone:   (415) 554-3892
7  Facsimile:   (415) 554-3837

8  Attorneys for Defendant
   CITY AND COUNTY OF SAN FRANCISCO
9  (also sued erroneously as San Francisco Police Department)

10

11                SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                        COUNTY OF SAN FRANCISCO

13                       UNLIMITED CIVIL JURISDICTION

14  ALEXIS BRONSON,                          Case No. CGC-03-424377

15              Plaintiff,                    **DEFENDANT CITY AND COUNTY OF
                                             SAN FRANCISCO'S NOTICE OF
16       vs.                                  HEARING; DEMURRER TO
                                             PLAINTIFF'S COMPLAINT;
17  CITY AND COUNTY OF SAN                    MEMORANDUM OF POINTS AND
    FRANCISCO, SAN FRANCISCO                  AUTHORITIES**
18  POLICE DEPARTMENT, JAMES C.
    DOYLE, AND DOES 1 TO 10                   Hearing Date:      August 4, 2004
19  INCLUSIVE,                                Hearing Judge:     Hon. James L. Warren
                                             Time:              9:30 a.m.
20              Defendants.                   Place:             Dept. 301

21                                            Date Action Filed:  December 18, 2003
                                             Trial Date:         n/a
22
                                             Attached Documents:
23                                           Complaint for Monetary Damages

24                                           Supporting Documents:
                                             Request for Judicial Notice
25

26

27

28

DEMURRER – CASE NO. 424377

## TABLE OF CONTENTS

NOTICE OF HEARING ...................................................................................................... 1

DEMURRER .................................................................................................................. 1

MEMORANDUM OF POINTS & AUTHORITIES ............................................................. 1

I.    PLEADED FACTS ........................................................................................... 1

II.    PENAL CODE SECTION 4030 DOES NOT APPLY TO PLAINTIFF'S ALLEGED STRIP SEARCH BECAUSE HE WAS CHARGED WITH A FELONY AND WITH A CRIME OF VIOLENCE ......................................... 2

III.    THE CITY AND COUNTY OF SAN FRANCISCO IS IMMUNE FROM LIABILITY FOR ANY INJURY THAT OCCURRED AT THE JAIL TO A PRISONER .................................................................................................. 3

CONCLUSION ............................................................................................................... 5

INSERT 1 LINE ONLY ABBREV DOC NAME & CASE NO.

1

## NOTICE OF HEARING

2   TO PLAINTIFF AND HIS ATTORNEY OF RECORD:

3        PLEASE TAKE NOTICE THAT on August 4, 2004, at 9:30 a.m. in Department 301 of

4   the Superior Court, 400 McAllister Street, San Francisco, California, that defendant City and

5   County of San Francisco will, and hereby does, demur to plaintiff's complaint on the grounds set

6   out in the following demurrer and memorandum of points and authorities. This demurrer is

7   based on plaintiff's Complaint, attached hereto, and matter attached to the accompanying

8   Request for Judicial Notice.

9

## DEMURRER

10       Defendant City and County of San Francisco (erroneously also sued as San Francisco

11  Police Department), for itself and no other party, hereby demurs to Plaintiff's Complaint on each

12  of the following grounds:

13       1.     The First Cause of Action for Improper Strip Search under Penal Code section

14  4030 fails to state facts sufficient to state a cause of action because Penal Code section 4030 does

15  not apply to (i) persons charged with a felony; or (ii) persons charged with a crime of violence.

16       2.     The First Cause of Action for Improper Strip Search under Penal Code section

17  4030 fails to state facts sufficient to state a cause of action because the City and County of San

18  Francisco as a public entity is immune from liability for injuries to a prisoner under Government

19  Code section 844.6.

20       Plaintiff's Complaint is attached hereto as Exhibit A.

21             ## MEMORANDUM OF POINTS & AUTHORITIES

22  I.     PLEADED FACTS

23       Plaintiff alleges that he was arrested by San Francisco police officers following an

24  incident in which another man "accosted" plaintiff in the parking garage of his apartment

25  building. (Compl. ¶ 2, 13.) The police transported Mr. Bronson to the "SFPD inmate booking

26  and reception area." (Compl. ¶ 17.) He was charged with a threat crime with intent to terrorize

27  (Penal Code § 422) and battery (Penal Code § 242). An unnamed "booking officer" took

28

1

1   plaintiff to a private area where the booking officer conducted a strip search. (Compl. ¶ 18.)

2   Following these incidents, plaintiff spent three days in jail until he posted bail. (Compl. ¶ 21.)

3       Penal Code section 422 is a "wobbler" offense that can be charged as either a felony or a

4   misdemeanor. In this case, it was charged as a felony. (Request for Judicial Notice, Ex. A.)

5   Plaintiff admitted at his deposition in a related federal case that he had been charged with a

6   felony:

7           Q:   But you knew that the charges that you were being charged with
                 were felonies?

8
            A.   That's correct.
9
            Q.   And you believe that those particular charges authorized the
10               Sheriff to conduct a strip search?

11          A.   Yeah, that's correct. (Request for Judicial Notice, Exhibit A.)

12  **II.  PENAL CODE SECTION 4030 DOES NOT APPLY TO PLAINTIFF'S ALLEGED
        STRIP SEARCH BECAUSE HE WAS CHARGED WITH A FELONY AND WITH**
13      **A CRIME OF VIOLENCE.**

14      Plaintiff's second cause of action for violation of Penal Code section 4030 fails as a

15  matter of law based on the allegations of the complaint and matter that can be judicially noticed

16  by the Court. Penal Code section 4030 specifically excludes from its provision any persons

17  arrested for a felony:

18          The provisions of this section shall apply only to prearraignment detainees
            arrested for infraction or misdemeanor offenses and to any minor detained
19          prior to a detention hearing on the grounds that he or she is a person . . . .
            alleged to have committed a misdemeanor or infraction offense. (Cal.
20          Penal Code § 4030.)

21  Section 4030 also provides that reasonable suspicion is required to strip search persons arrested

22  for misdemeanors and infractions "*except* those involving weapons, controlled substances or

23  violence." Penal Code § 4030(f) (emphasis added).

24      Battery and threat crime with intent to terrorize are crimes of violence. *See People v.*

25  *Williams* (1985) 169 Cal. App. 3d 951, 957 ("*[B]attery* by a jail inmate upon a noninmate, *a*

26  *crime of violence*, demonstrates 'a general readiness to do evil,' and thus moral turpitude."

27  (emphasis added)); *People v. Solis* (2001) 90 Cal. App. 4th 1002, 1025 ("Because section 422

28

2

1 | requires commission of an act which harms another, it is a crime of violence for purposes of the

2 | multiple-victim exception to section 654")

3 | The Court in deciding this demurrer may consider Mr. Bronson's admission at his

4 | deposition in another lawsuit that he was charged with a felony. *See Joslin v. H.A.S. Insurance*

5 | *Brokerage* (1986) 184 Cal. App. 3d 369, 375 (on demurrer, "the trial judge could accept the truth

6 | of the facts stated in the [plaintiff's] deposition only to the extent they were not or could not be

7 | disputed"); *Bockrath v. Aldrich Chemical Co.* (1999) 21 Cal. 4th 71, 83 (in ruling on demurrer,

8 | judicially noticed discovery responses of the plaintiff take precedence over inconsistent

9 | allegations in the complaint). Because Mr. Bronson was charged with a felony and with a crime

10 | of violence, the requirements of Penal Code section 4030 do not apply to his alleged strip search.

11 | **III. THE CITY AND COUNTY OF SAN FRANCISCO IS IMMUNE FROM**
**LIABILITY FOR ANY INJURY TO A PRISONER THAT OCCURRED AT THE**
12 | **JAIL.**

13 | The state Government Code grants the City and its departments absolute immunity for all

14 | claims of injury to a "prisoner." *See* Cal. Gov. Code §§ 844.6. This statute (with certain

15 | exceptions not applicable here) does not immunize a public employee from liability. Gov. Code

16 | § 844.6(d). The end result is that the Legislature effectively abolished the City's respondeat

17 | superior liability for state law claims that a public employee injured a prisoner. Plaintiff has not

18 | named or sued the "booking officer" who allegedly conducted the strip search in violation of the

19 | Penal Code.

20 | For purposes of determining governmental immunity, the California Tort Claims Act

21 | defines a "prisoner" as "includ[ing] an inmate of a prison, jail, or penal or correctional facility."

22 | Gov. Code § 844. The statute further states:

23 | For the purposes of this chapter, a lawfully arrested person who is brought
to a law enforcement facility for the purpose of being booked, as described
24 | in Section 7 of the Penal Code, becomes a prisoner, as a matter of law,
upon his or her initial entry into a prison, jail, or penal or correctional
25 | facility, pursuant to penal processes.

26 | California courts give the statutory definition of "prisoner" a broad construction. For

27 | example, a person arrested for public intoxication pursuant to Penal Code section 647(f), but

28 | released without charges upon sobering, is a prisoner for purposes of immunity. *Teeter v. City of*

3

1   *Newport Beach* (2003) 30 Cal. 4th 446, 448-49 . Thus, when city jailors placed a violent convict
2   in a cell with plaintiff one hour before his planned release, the city was immune from liability
3   under Government Code section 844.6 for the severe beating that ensued. *Id.* at 449-50.

4          San Francisco's Government Code immunity applies to liability under Penal Code
5   section 4030. Under California law, the Government Code immunities trump a public entity's
6   liability under other statutes unless otherwise provided. For example, the California Supreme
7   Court has held that discretionary act immunity (Gov. Code § 820.2) bars a suit against a public
8   official under the state's Fair Employment and Housing Act (Gov. Code § 12900 *et seq.*).
9   *Caldwell v. Montoya* (1995) 10 Cal. 4th 972, 989. The court stated the general rule that an
10  immunity under the Tort Claims Act "cannot be abrogated by a statute which simply imposes a
11  general legal duty or liability on persons, including public employees." *Id.* at 986. A statutory
12  liability will only survive a public entity's immunity when there is "a clear indication of
13  legislative intent that statutory *immunity is withheld or withdrawn* in the particular case." *Id.*

14         Government Code section 844.6 applies to the injuries for which plaintiffs seek damages.
15  This section states in relevant part:

16              (a) Notwithstanding any other provision of this part, except as provided in
                this section and in Sections 814, 814.2, 845.4 and 845.6, or in Title 2.1
17              (commencing with Section 3500) of Part 3 of the Penal Code, a public
                entity is not liable for:

18              (1) * * *
19              (2) An injury to any prisoner.

20         The portion of the statute quoted above carves out from the immunity (and thus permits a
21  public entity's liability) under four Government Code sections and one Penal Code title. It does
22  not mention Civil Code Penal Code section 4030, the state law claims in this action. Under the
23  canon of statutory construction *expressio unius est exclusio alterius*, this Court cannot read other
24  statutes into the list of five that are exceptions to the immunity. *See Tennessee Valley Authority v.*
25  *Hill*, (1978) 437 U.S. 153, 187 (hardship exemptions specified by Congress were only
26  exemptions under the Endangered Species Act ).

27         Since initially enacting Government Code section 844.6 in 1963, the state Legislature has
28  shown that it knew to amend the list of exceptions when it intended to exclude a new statute

4

1   from the reach of the immunity. For example, the statute was amended in 1977 to add "or in

2   Title 2.1 (commencing with Section 3500) of Part 3 of the Penal Code" to the list of exceptions.

3   Title 2.1 was created at the same time to provide a prisoner's cause of action for injury sustained

4   "during the course of the prisoner's participation in biomedical or behavioral research." Penal

5   Code § 3524. When the Legislature enacted Penal Code section 4030 in 1984, it made no

6   corresponding amendment to Government Code section 844.6 to permit a public entity's liability

7   under section 4030.

8        Because plaintiff was a "prisoner" under Government Code section 844.6 and Penal Code

9   section 4030 does not expressly override the public entity's immunity for injury to a prisoner,

10   San Francisco is immune to claims of injury occurring while plaintiff was at the jail.

11                    **CONCLUSION**

12        San Francisco's demurrer should be sustained with prejudice as to plaintiff's first cause

13   of action for improper strip search.

14   Dated: July 1, 2004

15

16                       DENNIS J. HERRERA
                          City Attorney

17                       JOANNE HOEPPER
                          Chief Trial Attorney

18                       DAVID B. NEWDORF
                          Deputy City Attorney

19                       INGRID M. EVANS
                          Deputy City Attorney

20                       By:
                       DAVID B. NEWDORF

21

22                       Attorneys for Defendant
                       CITY AND COUNTY OF SAN FRANCISCO

23                       (erroneously also sued as San Francisco Police
                       Department)

24

25

26

27

28

                                        5

# EXHIBIT  A

Alexis Bronson
1602 53rd Avenue
Oakland, CA 94601
(707) 980-0456

Plaintiff, in Pro Per

ENDORSED
FILED
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

03 SEP 12 PM 1:58

GORDON PARK-LI, CLERK

BY:_____

**Superior Court of California,
County of San Francisco**

Alexis Bronson,

        Plaintiff,

vs.

The City and County of San
Francisco, San Francisco
Police Department, James C.
Doyle, Does 1 – 10 inclusive

        Defendants.

Case No.: GC-03-424377

**COMPLAINT FOR MONETARY
DAMAGES:**
1) **Improper Strip Search**
2) **Transportation of Plaintiff as
   Prisoner in Bus and Negligent
   Operation Thereof**
3) **False Imprisonment**
4) **Assault and Battery**

CASE MGMT. CONF.
FRI. FEB. 13, 2004
9:00 AM IN 212

NOW COMES PLAINTIFF ALEXIS BRONSON who alleges as follows:

**PARTIES**

1.     On or about 2:00am August 5, 2002, Alexis Bronson (Bronson or

Plaintiff) was arrested by Officer James C. Doyle ("Doyle") Star # 4195 and

Officer Nelson ("Nelson") Star # 2039 of the San Francisco Police

Department at his residence, located on private property, on a bogus charge of

COMPLAINT - 1

ALEXIS BRONSON
1602 53RD AVE., OAKLAND, CA 94601
(707) 980-0456

public drunkenness in the presence of Michelle Lee ("Lee"), concierge of The Paramount residence building without having received a call or complaint about Bronson's behavior and without a cause of action against Plaintiff.

## STATEMENT OF FACTS

2.       On or about August 5, 2002, at or about 1:00am Alexis Bronson, an African American male was accosted in the parking garage of his rental apartment by a white male non-resident guest of another resident, also a person of Caucasian decent. The white male, unprovoked, yelled profanities at Mr. Bronson and threatened physical violence. The only witnesses to the assault on Mr. Bronson were the white male's mother and the parking garage attendant. No persons were hurt and there was no property damage. Mr. Bronson proceeded to his home with the intention of reporting the incident to the building manager the next business day to provide better safety for the residents.

3.       After Mr. Bronson was accosted in the incident of "Parking Garage Rage" by the white male, now known to be Woody Wilcox, Mr. Bronson went to his home without further incident of violence on him by the white male.

4.       After the white male non-resident Woody Cox ("Cox") verbally and physically assaulted Mr. Bronson, an African American male, Cox apparently called the police and made a false police report alleging that Bronson had threatened physical harm to him. Cox, a visitor of his mother Bianca Mead, a building resident in apt. 32J, called the San Francisco Police Department

ALEXIS BRONSON
1602 53RD AVE., OAKLAND, CA 94601
(707) 980-0456

1
2
3

("SFPD") from the lobby of the building in which he was a guest. No person in management from The Paramount apartment building called the SFPD.

4
5
6
7
8

5.    When SFPD arrived in response to the call by Cox, there was no incident occurring in their presence, Mr. Bronson was in his apartment, the building was quite and the police did not have a search warrant or any other order of the court authorizing access or review to any tenant records of The Paramount.

9
10
11
12
13
14
15
16
17
18
19
20
21

6.    Notwithstanding the lack of legal authority and any consent by Mr. Bronson to disclose Mr. Bronson's State Constitutionally protected private consumer records concerning his tenancy, including his name, residence, vehicle, etc., the concierge, Michele Lee ("Lee"), an employee of The Paramount, without further inquiry, adopted Cox's story that an incident had in fact occurred in the garage and released his private constitutionally protected consumer date to the SPFD and Cox 25 and began contacting residents at 1:30 a.m. in the morning. Michele Lee had no information, that Cox was not a danger to Bronson or any other resident when she began releasing private information to Cox. On January 3, 2003, Michele Lee testified under oath:

22

23
24
25
26
27

A. When they -- When they came into the lobby, the -- the resident -- the guest of the resident, Woody Wilcox, was with me in the lobby as well. We were trying to find out who it was that was involved with the altercation with Woody. And I called downstairs to the valet and asked them if they had known who it was. At first, they gave me a -- I think they said it was 12J. And I called up 12J and said, no, nothing happened with them. So then we ran -- I called down to the valet again and we ran his plates, and SFPD found out his address. And we looked up -- I looked up under the phone book it was Alexis Bronson, and proceeded to go up to his apartment.

28

ALEXIS BRONSON
1602 53RD AVE., OAKLAND, CA 94601
(707) 980-0456

1    Q. And when you went up to the apartment, what apartment number was that?

2    A. 11J.

3    Q. And did you go up there alone?

4    A. No.

5    Q. Who did you go up there with? 11

6    A. I went up there with the police and as well as Woody.

7.    At the time Michele Lee released his information to Cox and the SFPD, Paramount employee Michele Lee did not have Mr. Bronson's consent to disclose his information to allow Cox or any other party to arrive at his unit. At the time the Paramount employee released Mr. Bronson's private constitutionally protected information to third parties, SFPD did not have a warrant, court order or was investigating any violent or life threatening situation. In fact, at the time, The Paramount employee released Mr. Bronson's private information, SFPD had not interviewed any witness including the parking lot attendant to determine if an incident had in fact occurred in the garage.

8.    Paramount employee, Michele Lee, in contradiction to the rental agreement express and implied, failed to contact Mr. Bronson and to seek his approval to bring any third parties to his unit at 1:45 a.m. in the morning. Although Lee called ahead to unit 12J, but failed to call to Mr. Bronson's unit to ascertain if he were the party accosted by Cox.

9.    After Paramount employee Lee obtained Mr. Bronson's private tenant information and released it to SPFD and Cox, the man who had accosted Mr.

COMPLAINT - 4

ALEXIS BRONSON
1602 53RD AVE., OAKLAND, CA 94601
(707) 980-0456

Bronson, unannounced and without his consent, Lee escorted SFPD and Cox to Mr. Bronson's apartment and proceeded to disrupt his quite enjoyment of his home at approximately 1:50 a.m. in the mourning.

10.     Once there, the officer Doyle knocked on the door to question Bronson. Apparently satisfied that there was not enough evidence on witch to arrest Mr. Bronson the officer returned to the lobby.

11.     Mr. Bronson's quite enjoyment and privacy had been seriously 'disturbed' at 1: 50 a.m. in the morning with The Paramount's' Lee's unannounced and un-consented arrival with SFPD and his white male assailant. Mr. Bronson decided to go to the lobby of his home and lodge a complaint with Paramount employee Lee concerning the release of his private information and invasion of his privacy, by bringing SPFD and Cox to his apartment in the middle of the night without announcement or any effort to obtain his consent.

12.     When he arrived in the lobby, Mr. Bronson a 6'5" Black male asked Paramount employee Lee why she released his private information to a non resident and why she escorted them to his apartment without announcing them or asking his permission. He further noted to Ms. Lee that her actions were in violation of his federal and state privacy rights. Apparently realizing what she had done, Paramount employee Lee refused to answer. Mr. Bronson grew frustrated that Lee had caused this entire disturbance at 2:00 a.m. by inappropriately adopting the story of a white male non-resident.

13.     As Mr. Bronson was exercising his First Amendment right to express his frustration with Paramount employee Lee over her release of his private

ALEXIS BRONSON
1602 53RD AVE., OAKLAND, CA 94601
(707) 980-0456

information, a white male SFPD officer interjected himself in the private matter, on private property, and demanded that he cease his exercise of his freedom of speech rights. SFPD then unlawfully arrested Mr. Bronson in his own apartment complex located on private property on a bogus charge of public drunkenness.

14. Mr. Bronson was taken into custody dressed in a micro-fiber jog suit and barefoot at the time from being awoken out of bed by this incident.

15. Mr. Bronson is physically handicap having shattered his ankle joint previously, and is unable to walk without a limp. As the two arresting officers where physically removing him from his home he stumbled on the length of his un-hemmed Big & Tall track suit pants and lost his balance from being unable to walk without a limp. This motion provoked the arresting officers to drag him to the police prisoner transport van.

16. After being placed in the transport police van Mr. Bronson was placed on a flat metal bench, with a slick surface, in the back of the van by himself, unrestrained and handcuffed with his hand behind his back. When the Driver (unknown) of the police van applied the brakes for a rough stop Mr. Bronson went sliding uncontrollably crashing into the van partition separating the front passengers of the van from the back and violently collided with enough force to severely injure his shoulder causing pain for over a period of two weeks. Mr. Bronson politely requested that the officers slow down and drive with more caution. This was meet with loud laughter from the two SFPD officers in the front of the vehicle, and he was subjected to additional rough starts and

ALEXIS BRONSON
1602 53RD AVE., OAKLAND, CA 94601
(707) 980-0456

1   stops by the van driver while being transported to the SFPD booking station.

2   Mr. Bronson was unable to restrain himself from being thrown about in the

3   back of the van by these sudden and unexpected forces while being subdued

4   in handcuffs, hands behind his back and nothing to hold onto.

5

6   17.    After arriving at the SFPD inmate intake booking and reception area

7   Bronson was told he would have to undergo a strip search. Mr. Bronson

8   protested by saying he was arrested only for the offence of drunkenness in

9   public. The booking officer then informed him that he was also being charged

10  with a Threat Crime with Intent to Terrorize (422 PC) and Battery (242 PC).

11

12  18.    Outraged Mr. Bronson complied and was taken to a private area with

13  curtains drawn. Mr. Bronson proceeded to remove all his clothes until

14  completely nude. Mr. Bronson was ordered by the booking officer conducting

15  the strip search to lift his testicles and he complied. Mr. Bronson was the told

16  to turn around, bend over and spread his buttocks using his hands and cough.

17  When Mr. Bronson was unable to cough in an audible tone to satisfy the

18  booking officer he summoned five other officers including a female officer.

19  While still bent over naked and with his back facing the approaching officers

20  he was grabbed from behind and slammed onto a metal table.

21

22  19.    After being roughed up Mr. Bronson was physically removed by these five

23  officers from the private area where strip searches are conducted and paraded

24  completely naked into the main reception area, in full view of male and

25  female officers, civilian employees, other inmates and all others present then

26

27

28

ALEXIS BRONSON
1602 53RD AVE., OAKLAND, CA 94601
(707) 980-0456

slammed to the floor face first by force in a "Cold Room" with no water, toilet, clothes or bedding on a exceptionally chilly San Francisco night.

20.     Mr. Bronson was allowed to have clothes and a cup of water after flagging down a sympathetic sergeant passing by his cell and pleading with him to stop this inhumane treatment. Mr. Bronson was held all night and well past noon in the day (approximately 12 hours) under these conditions.

21.     Mr. Bronson was then informed that he was going to be processed through the booking procedure and he would be interviewed for eligibility to be release on his own recognize. However due to the serious charges applied he was denied release under his own recognize and had to make bail after spending three days in jail alongside other known felons.

22.     Upon his release Mr. Bronson hired an attorney to represent him against these serious allegations and was informed that the District Attorney declined to file any charges against him for lack of evidence.


### FIRST CAUSE OF ACTION
### IMPROPER STRIP SEARCH


23.     Plaintiff incorporates by reference paragraphs 1-21 above as though fully set forth herein.

24.     Under California Penal Code § 4030(l) All persons conducting or otherwise present during a strip search or visual or physical body cavity search shall be of the same sex as the person being searched, except for physicians or licensed medical personnel. Mr. Bronson was entitled to a

COMPLAINT - 8

ALEXIS BRONSON
1602 53RD AVE, OAKLAND, CA 94601
(707) 980-0456

1      reasonable amount of privacy from being viewed by members of the opposite

2      sex, completely nude, including female officers and civilians, while being

3      subjected to a strip search.

4   25.      Under California Penal Code § 4030 (m) All strip, visual and physical

5      body cavity searches shall be conducted in an area of privacy so that the

6      search cannot be observed by persons not participating in the search. Persons

7      are considered to be participating in the search if their official duties relative

8      to search procedure require them to be present at the time the search is

9      conducted. Mr. Bronson was entitled not to be observed naked in full view by

10      officers, civilians, members of the opposite sex, and other inmates in the

11      common reception and detention area lacking any privacy.

12

13   26.      California Penal Code § 4030(p) Any person who suffers damage or harm

14      as a result of a violation of this section may bring a civil action to recover

15      actual damages, or one thousand dollars ($1,000), whichever is greater. In

16      addition, the court may, in its discretion, award punitive damages, equitable

17      relief as it deems necessary and proper, and costs, including reasonable

18      attorney's fees.

19

20   27.      The aforesaid wrongful conduct occurred within the performance of the

21      SFPD and County of San Francisco Sheriffs Department (SFSD) duties and

22      was ratified by each and every defendant.

23

24   28.      SFPD and the (SFSD) failure to follow procedure while conducting strip

25      searches of inmates violated Plaintiffs right to privacy.

26

27

28

COMPLAINT - 9

ALEXIS BRONSON
1602 53RD AVE., OAKLAND, CA 94601
(707) 980-0456

29.     As a proximate result of defendant's conduct, Plaintiff was damaged with embarrassment, being ridiculed, loss of privacy and public humiliation.

30.     Plaintiff contends that said aforementioned conduct was malicious and purposeful and intended to and did cause Mr. Bronson mental and physical suffering, embarrassment and public humiliation therefore, Plaintiff prays for punitive damages of no less than $ 250,000.

31.     WHEREFORE, Mr. Bronson has suffered damages of at least $ 180,000 for mental anguish, embarrassment, loss of privacy, public humiliation and monetary loses prays for the relief set forth below.

**SECOND CAUSE OF ACTION**
**TRANSPORTATION OF PLAINTIFF AS PRISONER IN BUS**
**AND NEGLIGENT OPERATION THEROF**
(Gov. Code § 815.2(a), 844.6(b); Vehicle Code § 17001)

32.     Plaintiff incorporates by reference paragraphs 1-27 above as though fully set forth herein.

33.     Under California Vehicle code 17001. A public entity is liable for death or injury to person or property proximately caused by a negligent or wrongful act or omission in the operation of any motor vehicle by an employee of the public entity acting within the scope of his employment.

34.     The aforesaid wrongful conduct occurred within the performance of the SFPD duties.

35.     As a proximate result of defendant's conduct, Plaintiff was injured an unable to lift his arm without pain for over two weeks.

COMPLAINT - 10)

36.    WHEREFORE, Mr. Bronson has suffered damages of at least $ 25,000 for pain and suffering from injuries as stated and prays for relief as set forth below.

### THIRD CAUSE OF ACTION
### FALSE IMPRISONMENT

37.    Plaintiff incorporates by reference paragraphs 1-32 above as though fully set forth herein.

38.    False imprisonment is "the unlawful violation of the personal liberty of another by the restraint of the person without color of authority...." Klein, 206 Cal. App. 2d at 747.

39.    Here, false imprisonment is established. The arrest was warrantless. Probable cause was lacking, indicated from the fact that the arresting officer testified in an unlawful detainer action against Mr. Bronson (SFSC Case No. CUD-02- 603678 where he prevailed as a defendant on January, 3 2003), that the District Attorney dismissed the charges for lack of evidence.

40.    Plaintiff contends that said aforementioned conduct was purposeful and intended to and did cause Mr. Bronson unnecessary harm, loss of freedom, damage to reputation, and therefore, Plaintiff prays for punitive damages of no less than 150,000.

41.    As the proximate result of defendant's (Officer Doyle) conduct, plaintiff has suffered damages in excess of $ 250.000 in public humiliation, severe emotional distress, eviction proceedings, unlawful detainer action, loss of

COMPLAINT - 11

ALEXIS BRONSON
1602 53RD AVE., OAKLAND, CA 94601
(707) 980-0456

personal freedom (arrest), criminal charges (all dismissed for lack of evidence), and attorney fees.

42.     WHEREFORE, Mr. Bronson has suffered damages of at least $ 250,000 for public humiliation, severe emotional distress, eviction proceedings, unlawful detainer action, loss of personal freedom, criminal charges, attorney fees and punitive damages as stated and prays for relief as set forth below.

## FORTH CAUSE OF ACTION
## ASSULT AND BATTERY

43.     Plaintiff incorporates by reference paragraphs 1-38 above as though fully set forth herein.

44.     If false imprisonment exists, then, so to does assault. Assault is the intentional causing of apprehension of an immanent harmful or offensive contact. These elements are presented by the unlawful arrest.

45.     If false imprisonments exists, then, so to does battery. Battery is the unprivileged and unauthorized intentional, harmful or offensive touching of another. The unlawful arrest also satisfies these elements.

46.     As the proximate results of defendants conduct, plaintiff has suffered damages in excess of $ 50,000 in public humiliation, mental suffering, loss of personal freedom.

47.     WHEREFORE, Mr. Bronson has suffered damages of at least $ 50,000 for public humiliation, mental suffering, loss of personal freedom as stated and prays for relief as set forth below.

ALEXIS BRONSON
1602 53RD AVE., OAKLAND, CA 94601
(707) 980-0456

1

2 ## PRAYER FOR RELIEF

3 WHEREFORE, Plaintiff prays for judgment and relief as follows:

4 1. That plaintiff be awarded compensatory damages in the amount stated above but

5 no less than $ 505,000 and as according to proof for mental and physical

6
7 suffering, public humiliation, severe emotional distress, eviction proceedings,

8 unlawful detainer action, loss of personal freedom, criminal charges.

9 2. That the plaintiff is awarded punitive damages of no less than $ 400,000 for

10 defendants' outrageous and malicious conduct in violation of all that is decent.

11 3. Interest on judgment, including prejudgment interest, at the legal rate and,

12 4. Such other and further relief as may be deemed just and proper.

13

14

Dated: September 13, 2003        By:

15

16

17                                Alexis Bronson

18

19

20

21

22

23

24

25

26

27

28

ALEXIS BRONSON
1602 53RD AVE., OAKLAND, CA 94601
(707) 980-0456

COMPLAINT - 13)

# PROOF OF SERVICE

I, Heidi Bennett, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the within entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Fifth Floor, San Francisco, CA 94102.

On July 1, 2004, I served the attached:

DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S NOTICE OF HEARING; DEMURRER TO PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

on the interested parties in said action, by placing a true copy thereof in sealed envelope(s) addressed as follows:

Michael E. Cardoza
The Cardoza Law Offices
1111 Civic Drive, Suite 320
Walnut Creek, CA 94596
Tel: 925-274-2900
Fax: 925-274-2910
and served the named document in the manner indicated below:

☒    **BY MAIL**: I caused true and correct copies of the above documents, by following ordinary business practices, to be placed and sealed in envelope(s) addressed to the addressee(s), at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, City and County of San Francisco, California, 94102, for collection and mailing with the United States Postal Service, and in the ordinary course of business, correspondence placed for collection on a particular day is deposited with the United States Postal Service that same day.

☐    **BY PERSONAL SERVICE**: I caused true and correct copies of the above documents to be placed and sealed in envelope(s) addressed to the addressee(s) and I caused such envelope(s) to be delivered by hand on the office(s) of the addressee(s).

☐    **BY EXPRESS SERVICES OVERNITE**: I caused true and correct copies of the above documents to be placed and sealed in envelope(s) addressed to the addressee(s) and I caused such envelope(s) to be delivered to EXPRESS SERVICES OVERNITE for overnight courier service to the office(s) of the addressee(s).

☐    **BY FACSIMILE**: I caused a copy(ies) of such document(s) to be transmitted via facsimile machine. The fax number of the machine from which the document was transmitted was Fax #". The fax number(s) of the machine(s) to which the document(s) were transmitted are listed above. The fax transmission was reported as complete and without error. I caused the transmitting facsimile machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed July 1, 2004, at San Francisco, California.

HEIDI BENNETT

6

1   MICHAEL E. CARDOZA, ESQ., STATE BAR NO. 52264
    BARBARA ZANGER ZUNIGA, ESQ., STATE BAR NO. 139906
2   THE CARDOZA LAW OFFICES
    1111 Civic Drive, Suite 320
3   Walnut Creek, CA 94596
    Telephone: (925) 274-2900
4   Facsimile: (925) 274-2910

5   Attorneys for Plaintiff
    ALEXIS BRONSON
6

7

8                   IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     IN AND FOR THE COUNTY OF SAN FRANCISCO

10

11  ALEXIS BRONSON,                        )   Case No. CGC-3-424377
                                           )
12              Plaintiff,                  )   PLAINTIFF BRONSON'S OPPOSITION
                                           )   TO DEFENDANT CITY AND COUNTY
13        vs.                              )   OF SAN FRANCISCO'S DEMURRER
                                           )   AND REQUEST FOR JUDICIAL NOTICE
14  CITY AND COUNTY OF SAN                 )
    FRANCISCO, POLICE OFFICER JAMES        )
15  C. DOYLE, and DOES 1 through 10        )   Date:  August 4, 2004
    inclusive,                             )   Time:  9:30 a.m.
16                                         )   Judge: Hon. James L. Warren
                Defendants.                )   Dept:  301
17                                         )

18

19                              INTRODUCTION

20        The Plaintiff in this case, Alexis Bronson, initially drafted his own complaint, and filed the

21  same, in pro per, on December 18, 2003.   Defendant City and County of San Francisco

22  ("Defendant") has filed a Demurrer to Plaintiff's First Cause of Action.  Defendant did not request

23  that Plaintiff amend his Complaint before filing the Demurrer.

24                         OPPOSITION TO DEMURRER

25        Plaintiff now has counsel, and hereby:

26        1.    Opposes the Demurrer to the extent that the First Cause of Action does state facts

27              sufficient to state a cause of action for improper strip search;

28

2.  Requests Leave to Amend the Complaint in order to reflect in the Complaint the appropriate legal authority for the First Cause of Action, as Penal Code §4030 does not apply, but 42 U.S.C.A. §1983 does apply to this viable claim; and

3.  Opposes the Defendant's argument that Defendant is immune from liability.

### OPPOSITION TO REQUEST FOR JUDICIAL NOTICE

In addition, Plaintiff hereby opposes the request for judicial notice and requests that the court deny Defendant's request for judicial notice, on the grounds stated below.

### MEMORANDUM OF POINTS & AUTHORITIES

### I.

### FACTS

The facts are in the Complaint, but are briefly summarized for purposes of this pleading, as follows:

Plaintiff Bronson ("Bronson") is an African American male who was wrongly accused of a crime he did not commit. Bronson was innocently entering his own apartment building when a person who did not live in the building accosted him. Bronson's privacy rights were violated when the apartment manager disclosed his name and address to the non-resident and to the police. No one was physically hurt in the incident outside the apartment building, and Bronson was never formally charged with any crime.

However, Bronson was woken up at almost 2:00 a.m. with a knock on his apartment door by a police officer without a warrant. He was handcuffed, physically dragged to a police van, and then thrown from side-to-side during a fast ride with abrupt stops, resulting in an injured shoulder. While the arresting officer told him that he was being arrested for being drunk in public, Bronson was told a different story upon being informed that he would undergo a strip search.

After being wrongfully accused of what amounted essentially to a physical shove of another person, suddenly, Bronson was told that he was being charged with committing a Threat Crime with Intent to Terrorize and a Battery. The booking officer who informed Bronson of these charges that

- 2 -

1    were to be brought (but never came to fruition) then ordered Bronson to remove all of his clothes.
2    Bronson complied. Bronson was told to lift his testicles, which he did. Bronson was then told to
3    turn around, bend over and spread his buttocks, using his hands, and to cough. When Bronson was
4    unable to cough in a tone loud enough to satisfy the booking officer, the booking officer summoned
5    five other officers, including a female officer. While still bent over naked and with his back facing
6    the approaching officers, Bronson was grabbed from behind and slammed onto a metal table. After
7    enduring further physical roughness, Bronson was physically removed by these five officers from the
8    private area where strip searches are conducted and paraded completely naked into the main
9    reception area, in full view of male and female officers, civilian employees, other inmates and all
10   others present. Bronson was then thrown, face first, into a "Cold Room" with no water, toilet,
11   bedding or clothes on a cold night. Mr. Bronson spent three (3) days in jail. Upon his release,
12   Bronson was informed that the District Attorney declined to file any charges against him for lack of
13   evidence.

14                                        III.

15                              APPLICABLE LAW

16   A.      THE PLAINTIFF HAS A VIABLE CLAIM FOR DEPRIVATION OF HIS FOURTH
17           AMENDMENT RIGHTS PURSUANT TO 42 U.S.C. §1983.

18           Plaintiff hereby requests leave to amend his Complaint.

19           Representing himself in pro per, the Plaintiff drafted his own complaint. Although Plaintiff
20   was correct in drafting a viable claim for improper strip search in his first cause of action, Plaintiff
21   now, through his attorneys, would like to amend his complaint to state that the legal basis for this
22   claim is 42 U.S.C. §1983.

23           Section 1983 under Title 42 of the United States Code provides the following:

24           Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any
             State. . ., subjects, or causes to be subjected, any citizen of the United States or other person
25           within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities
             secured by the Constitution and laws, shall be liable to the party injured in an action at law...
26

27

28                                        - 3 -

1    Plaintiff Bronson was subjected to a deprivation of his right, pursuant to the Fourth
2 Amendment to the U.S. Constitution, to be free from unreasonable searches and seizures. The
3 Fourth Amendment provides that "The right of the people to be secure in their persons, houses,
4 papers, and effects, against unreasonable searches and seizures, shall not be violated...." U.S. Const.
5 Amend. IV.

6    The case law overwhelmingly holds that strip searches must be based on reasonable suspicion
7 that the arrestee is concealing weapons or narcotics on the suspect's person, and must be conducted
8 in the least intrusive manner possible under the circumstances. In the U.S. Supreme Court case of
9 *Bell v. Wolfish*, 441 U.S. 520 (1979), the court stated that strip searches of detainees are
10 constitutionally constrained by due process requirements of reasonableness under the circumstances.
11 "In each case it requires a balancing of the need for the particular search against the invasion of
12 personal rights that the search entails. Courts must consider the scope of the particular intrusion, the
13 manner in which it is conducted, the justification for initiating it, and the place in which it is
14 conducted." 441 U.S. 520, 559. In evaluating the permissibility of body cavity or strip searches of
15 arrestees, seven of the United States Circuit Courts of Appeals, including the Ninth Circuit, have
16 held that such searches be based on a "reasonable suspicion" that an arrestee is concealing
17 contraband or weapons. *O'Brien v. Borough of Woodbury Heights*, 679 F. Supp. 429 (1988); *Giles
18 v. Ackerman*, 746 F.2d 614 (9th Cir. 1984).

19    In the Fourth Circuit case of *Abshire v. Walls*, 830 F.2d 1277 (4th Cir. 1987), a man named
20 Abshire was carrying a weapon at the time of his arrest, as well as a briefcase in which numerous
21 items of personal jewelry, an extra holster and ammunition for his revolver were also found.
22 Abshire's gun was checked by the police who arrested him and found to contain one empty chamber
23 and one chamber with an empty shell casing. Abshire was strip searched (but not paraded in front of
24 other inmates). While the police officers in that case argued that the strip search was reasonable
25 under the circumstances, the Fourth Circuit disagreed. The court held that the reasonableness of the
26 search was a jury question.

27

28                                   - 4 -

1      In the case herein, Alexis Bronson was essentially accused of shoving a man and of being
2 drunk in public. There were no weapons or drugs in sight, nor was any mention made in the police
3 report or witness statements of any alleged weapons or narcotics. Despite any grounds for probable
4 cause, Bronson was arrested and taken to jail. It seems, under the circumstances, that someone at the
5 police department decided to book Bronson on a felony charge of a threat crime with intent to
6 terrorize - for the sole purpose of having a legal basis to strip search him. As a result, Bronson was
7 degraded and humiliated by being strip searched in a way that was hardly the least intrusive means of
8 doing so, and then paraded, naked, around the jail for all -- men and women alike -- to view. Three
9 days later, the alleged grounds for the strip search disappeared, and all charges were dropped. At the
10 very least, Bronson is entitled to present these circumstances to a jury for their decision regarding
11 whether the strip search was reasonable.

12      The demurrer to this cause of action should denied. In the alternative, the court should
13 permit the plaintiff to amend his complaint.

14 **B.**     **DEFENDANT COUNTY IS NOT IMMUNE FROM LIABILITY PURSUANT TO 42**
15      **U.S.C. §1983.**

16      Again, the Plaintiff is hereby requesting leave to amend the complaint. Plaintiff will replace
17 Penal Code §4030 with 42 U.S.C. §1983 as the legal basis for bringing this claim.

18      In *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978), the U.S. Supreme
19 Court held that "local government, like every other Section 1983 'person,' by the very terms of the
20 statute, may be sued for constitutional deprivations visited pursuant to governmental 'custom' even
21 though such a custom has not received formal approval through the body's official decisionmaking
22 channel." 436 U.S. 658, 690-691.

23      If permitted by the court to amend his Complaint, Plaintiff will add to the complaint the fact
24 that he, Bronson, is not the only individual who has been wrongfully subjected to an illegal strip
25 search. It has been widely reported in the local news, and a class-action lawsuit is pending as a result
26 of the fact, that numerous people in San Francisco have come forward with stories similar to

27

28                           - 5 -

1   Bronson's. In other words, Defendant County has allowed routine strip searches to become a

2   governmental "custom." In the case of *O'Brien v. Borough of Woodbury Heights*, 679 F.Supp. 429

3   (1988), it took only two plaintiffs who were strip searched to bring complaints, for the court to find

4   the county liable under §1983. Therefore, based on legal precedent found in both statutory and case

5   law, Defendant herein is not immune from liability in this case.

6   **C.**   **THE JUDICIAL NOTICE THAT DEFENDANT REQUESTS IS NOT AUTHORIZED**

7       **BY LAW.**

8       Defendant City and County of San Francisco never formally charged Plaintiff with a felony.

9   So, the Defendant is now attempting to submit as evidence, a portion of the non-attorney Plaintiff's

10   testimony from another case. Defendant is attempting to slip into evidence that Plaintiff was charged

11   with a felony, when the reality is that all charges were actually dropped.

12       Judicial notice may not be taken of any matter unless authorized or required by law.

13   Evidence Code §450. Defendant cites Evidence Code section 452(d) and (h) as its authority.

14   Evidence Code sections 452 (d) & (h) provide that certain documents *may* be judicially noticed. In

15   other words, a court is not required to judicially notice documents pursuant to those sections.

16       The document submitted is a portion of Plaintiff's deposition testimony taken in a different

17   case. Although the document is a portion of an officially recorded transcript, it is only a portion and

18   is taken out of context. Counsel now representing Plaintiff did not represent Plaintiff in the

19   deposition from which this document was produced, and therefore, Plaintiff's own legal counsel

20   does not have access to the transcript in its entirety at this time.

21       Most importantly, Evidence Code section 452 (h) provides that the following may be

22   judicially noticed: "Facts and propositions *that are not reasonably subject to dispute* and are capable

23   of immediate and accurate determination by resort to sources of reasonably indisputable accuracy."

24   (Emphasis added.) The document submitted is a portion of Plaintiff's deposition testimony taken in a

25   different case. The facts discussed in that document are absolutely subject to dispute. A non-

26   attorney was being deposed about his understanding of the events surrounding his arrest. A non-

27

28                          - 6 -

1  attorney's testimony regarding what he believed he had been charged with when he was strip

2  searched proves little more than the fact that Plaintiff completely submitted to police authority at the

3  time he was strip searched. A non-attorney's testimony that he believed he had been charged with a

4  felony does not prove that he was actually charged with a felony. If the Defendant City and County

5  of San Francisco wants to submit evidence showing that Plaintiff was formally charged with a

6  felony, they can submit their own records-- if they exist -- as evidence of the formal charges. The

7  Plaintiff's testimony as to his belief regarding legal charges placed against him cannot be judicially

8  noticed for its truth because the Plaintiff's belief as to the facts is reasonably subject to dispute.

9    As the request Defendant has made for judicial notice herein is not authorized or required by

10 law, Plaintiff respectfully requests that the Court deny the Defendant's request for judicial notice.

11                              III.

12                          CONCLUSION

13    In conclusion, the Defendant's Demurrer should be denied for all of the above bases. In the

14 alternative, Plaintiff respectfully requests leave to amend his Complaint.

15 DATED: July 20, 2004                     Respectfully submitted,
                                            THE CARDOZA LAW OFFICES
16

17                                          By:
                                               Barbara Zanger Zuniga, Esq.,
18                                             Attorney for Plaintiff
                                               Alexis Bronson
19

20

21

22

23

24

25

26

27

28                              - 7 -

1 | MICHAEL E. CARDOZA, ESQ., STATE BAR NO. 52264
BARBARA ZANGER ZUNIGA, ESQ., STATE BAR NO. 139906
2 | THE CARDOZA LAW OFFICES
1111 Civic Drive, Suite 320
3 | Walnut Creek, CA 94596
Telephone: (925) 274-2900
4 | Facsimile: (925) 274-2910

5 | Attorneys for Plaintiff:
ALEXIS BRONSON
6

7                    IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                         IN AND FOR THE COUNTY OF SAN FRANCISCO

9

10 | ALEXIS BRONSON,                         ) Case No. CGC-3-424377
                                            )
11 |              Plaintiff,                  ) [PROPOSED] ORDER
                                            )
12 |     vs.                                 ) Date: August 4, 2004
                                            ) Time: 9:30 a.m.
13 | CITY AND COUNTY OF SAN                   ) Judge: Hon. James L. Warren
    FRANCISCO, POLICE OFFICER JAMES          ) Dept: 301
14 | C. DOYLE, and DOES 1 through 10          )
    inclusive,                              )
15 |                                        )
              Defendants.                    )
16 | ———————————————————————————————————————)

17       The Defendant's Demurrer to the First Cause of Action and Request for Judicial Notice

18 came on regularly for hearing by the court on this date. Plaintiff appeared by counsel Barbara

19 Zanger Zuniga. Defendant City and County of San Francisco appeared by counsel David Newdorf.

20 The court, having read and considered the supporting and opposing points and authorities and

21 having heard and considered the arguments of counsel and parties, and good cause appearing

22 therefore,

23       IT IS ORDERED that:

24       The demurrer to the First Cause of Action be, and hereby is, denied,

25       and/or,

26       The demurrer to the First Cause of Action is sustained, and Plaintiff is granted leave to

27

28                                         - 9 -

P.09

1    amend the Complaint within 10 days.

2      and/or,

3      The Request for Judicial Notice is denied.

4

5

6

7   Dated:      , 2004               Judge James L. Warren

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28            - 10 -

1  CASE NAME:Bronson v. City and County of San Francisco, et al.

2  COURT:        Superior Court in the City and County of San Francisco

3  CASE NO:     424377

4              ## PROOF OF SERVICE BY FACSIMILE AND MAIL

5           I am a citizen of the United States and employed in the City of San Francisco, County of San

6  Francisco.

7           I am over the age of 18 years and not a party to the within action. My business address is

8  1111 Civic Drive, Suite 320, Walnut Creek, CA 94596.

9           On July 20, 2004, I delivered the following document(s):

10       PLAINTIFF BRONSON'S OPPOSITION TO DEFENDANT CITY AND COUNTY OF

11       SAN FRANCISCO'S DEMURRER AND REQUEST FOR JUDICIAL NOTICE

12  on the interested parties to said action via facsimile and by placing a true and correct copy thereof

13  enclosed in a sealed First Class U. S. Mail envelope with postage thereon fully prepaid, in the United

14  States mailbox in Walnut Creek, California, addressed as follows:

15
          Dennis J. Herrera, Esq.
16        David B. Newdorf, Esq.
          Deputy City Attorneys
17        Fox Plaza
          1390 Market Street, 6th Floor
18        San Francisco, CA 94102-5408
          Facsimile: (415) 554-3837
19
          I declare under penalty of perjury that the foregoing is true and correct. Executed on
20
    July 20, 2004, at Walnut Creek, California.
21

22

23                                                Andrea Walker

24

25

26

27

28                              - 8 -

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
400 MCALLISTER STREET, SAN FRANCISCO, CA 94102

ALEXIS BRONSON

**Pretrial Department 212**
**Case Management Order**

PLAINTIFF (S)

VS.

**NO. CGC-03-424377**

THE CITY & COUNTY OF SAN FRANCISCO et al

**Continued Order to Show Cause**

DEFENDANT (S)

---

TO: PLAINTIFF'S COUNSEL OR PLAINTIFF(S) IN PROPRIA PERSONA

The AUG-02-2004 ORDER TO SHOW CAUSE is canceled.

YOU ARE HEREBY ORDERED TO APPEAR in Department 212 on SEP-13-2004 at 1:30 PM, pursuant to Local Rules 3.0, 3.1, 3.3, and 3.4 to show cause why this action should not be dismissed or why sanctions should not be imposed for failure to:

file proof of service and obtain answer(s) or enter default(s) against defendant(s) JAMES C DOYLE

CRC 201.7(i) requires the filing and service of responsive papers to the Order to Show Cause no less than 5 calendar days before the hearing.

However, it would facilitate the issuance of a case management order prior to the Order to Show Cause hearing if the Response to Order to Show Cause is filed, served and lodged in Department 212 twenty (20) days before the Order to Show Cause hearing.

PLAINTIFF'S COUNSEL OR PLAINTIFF(S) IN PROPRIA PERSONA must send a copy of this notice to all parties not listed on the attached proof of service within five (5) days of the date of this order.

You may call (415) 551-4000 after 12:00 noon the day before the hearing to determine whether your compliance has taken the order to show cause off calendar.

DATED: JUL-23-2004          ARLENE T. BORICK

                           JUDGE/COMMISSIONER







**FILED**
San Francisco County Superior Court

AUG - 6 2004

GORDON PARK-LI, Clerk
BY: _____
Deputy Clerk

CALIFORNIA SUPERIOR COURT, UNLIMITED JURISDICTION

COUNTY OF SAN FRANCISCO

DEPARTMENT 301

424377

| | |
|---|---|
| ALEXIS BRONSON, | **ORDER SUSTAINING THE CITY'S DEMURRER WITH LEAVE TO AMEND** |
| Plaintiff, | |
| vs. | |
| CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO POLICE DEPARTMENT, JAMES C. DOYLE, AND DOES 1 TO 10 INCLUSIVE, | |
| Defendants. | |

Defendant City and County of San Francisco's (the "City") Demurrer came on

regularly for hearing before the Honorable James L. Warren on August 4, 2004, in

Department 301. There was no appearance by either party. Accordingly, the Court adopted

it tentative ruling. The Court sustains the City's Demurrer. Plaintiff has ten days leave from

notice of entry of order to amend.

IT IS SO ORDERED.

Dated: 8/6/04

By: _____
James L. Warren
Judge of the Superior Court

ORDER SUSTAINING THE CITY'S DEMURRER WITH LEAVE TO AMEND

California Superior Court

County of San Francisco

Law & Motion Department • Room 301

---

ALEXIS BRONSON,

    Plaintiff,

          vs.

CITY AND COUNTY OF SAN
FRANCISCO, SAN FRANCISCO POLICE
DEPARTMENT, JAMES C. DOYLE, AND
DOES 1 TO 10 INCLUSIVE,

    Defendants.

No. 424377

**Certificate of Service by Mail
(CCP § 1013a(4))**

---

I, Gordon Park-Li, Clerk of the Superior Court of the City and County of San Francisco, certify that:

1) I am not a party to the within action;

2) On **AUG - 6 2004** _____, I served the attached:

**ORDER GRANTING THE CITY'S DEMURRER WITH LEAVE TO AMEND**

by placing a copy thereof in a sealed envelope, addressed to the following:

David Newdorf
Office of the city Attorney
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, CA 94102

Michael Cardoza
The Cardoza Law Offices
1111 Civil Drive, Suite 320
Walnut Creek, CA 94596

2

ORDER SUSTAINING THE CITY'S DEMURRER WITH LEAVE TO AMEND

and,

3) I then placed the sealed envelope in the outgoing mail at 400 McAllister St., San Francisco, CA 94102 on the date indicated above for collection, attachment of required prepaid postage, and mailing on that date following standard court practice.

Dated:      **AUG - 6 2004**

GORDON PARK-LI, Clerk

By:     _Mary Mul_
                  Deputy

3

FILED
San Francisco County Superior Court

AUG 1 6 2004

GORDON PARK-LI, Clerk
BY: _Mary Melvin_
Deputy Clerk

AUG 1 9 2004

61 - ep

## CALIFORNIA SUPERIOR COURT, UNLIMITED JURISDICTION

## COUNTY OF SAN FRANCISCO

## DEPARTMENT 301

424377

ALEXIS BRONSON,

    Plaintiff,

           vs.

CITY AND COUNTY OF SAN
FRANCISCO, SAN FRANCISCO POLICE
DEPARTMENT, JAMES C. DOYLE, AND
DOES 1 TO 10 INCLUSIVE,

    Defendants.

**AMENDED ORDER SUSTAINING THE
CITY'S DEMURRER WITH LEAVE
TO AMEND**

Defendant City and County of San Francisco's (the "City") Demurrer came on

regularly for hearing before the Honorable James L. Warren on August 4, 2004, in

Department 301. There was no appearance by either party. Accordingly, the Court adopted

it tentative ruling. The City's Request for Judicial Notice is denied. The Court sustains the

City's Demurrer. Plaintiff has ten days leave from notice of entry of order to amend.

IT IS SO ORDERED.

Dated: _8/16/04_

By: _____
James L. Warren
Judge of the Superior Court

ORDER SUSTAINING THE CITY'S DEMURRER WITH LEAVE TO AMEND

California Superior Court

County of San Francisco

Law & Motion Department • Room 301

| | |
|---|---|
| ALEXIS BRONSON, | No. 424377 |
| Plaintiff, | Certificate of Service by Mail (CCP § 1013a(4)) |
| vs. | |
| CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO POLICE DEPARTMENT, JAMES C. DOYLE, AND DOES 1 TO 10 INCLUSIVE, | |
| Defendants. | |

I, Gordon Park-Li, Clerk of the Superior Court of the City and County of San Francisco, certify that:

1) I am not a party to the within action;

2) On ___**AUG 1 6 2004**___, I served the attached:

### AMENDED ORDER GRANTING THE CITY'S DEMURRER WITH LEAVE TO AMEND

by placing a copy thereof in a sealed envelope, addressed to the following:

David Newdorf
Office of the city Attorney
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, CA 94102

Michael Cardoza
The Cardoza Law Offices
1111 Civil Drive, Suite 320
Walnut Creek, CA 94596

2

ORDER SUSTAINING THE CITY'S DEMURRER WITH LEAVE TO AMEND

and,

    3) I then placed the sealed envelope in the outgoing mail at 400 McAllister St., San Francisco, CA 94102 on the date indicated above for collection, attachment of required prepaid postage, and mailing on that date following standard court practice.


Dated: **AUG 1 6 2004**

                                               GORDON PARK-LI, Clerk

                         By: _____
                                     deputy

3

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|

Michael E. Cardoza, Esq. (SBN 52264)    925-274-2900
Holly MacKinnon, Esq. (SBN 209408)
The Cardoza Law Offices
1111 Civic Drive
Suite 320
Walnut Creek, California 94596

ATTORNEY FOR (Name): Plaintiff, Alexis Bronson

NAME OF COURT: San Francisco Superior Court
STREET ADDRESS: 425 McAllister Street
MAILING ADDRESS: Northern Division
CITY AND ZIP CODE: San Francisco, CA 94111
BRANCH NAME:

CASE NAME: Alexis Bronson vs City and County of San Francisco, et al.

ENDORSED
FILED
San Francisco County Superior Court

DEC - 8 2003

GORDON PARK-LI, Clerk
BY: _____ DAN MACDUFF
Deputy Clerk

| SUBSTITUTION OF ATTORNEY - CIVIL (Without Court Order) | CASE NUMBER: CGC-03-424377 |
|---|---|

THE COURT AND ALL PARTIES ARE NOTIFIED THAT (name): Alexis Bronson    makes the following substitution:

1. Former legal representative    [X] Party represented self    [ ] Attorney (name):
2. New legal representative    [ ] Party is representing self*    [X] Attorney
   a. Name: Michael E. Cardoza    b. State Bar No. (if applicable): 52264
   c. Address (number, street, city, ZIP, and law firm name, if applicable):    The Cardoza Law Offices
      1111 Civic Drive, Suite 320
      Walnut Creek, California 94596
   d. Telephone No. (include area code):    925-274-2900
3. The party making this substitution is a    [X] plaintiff    [ ] defendant    [ ] petitioner    [ ] respondent    [ ] other (specify):

---

*NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES

- Guardian
- Conservator
- Trustee

- Personal representative
- Probate fiduciary
- Corporation

- Guardian ad litem
- Unincorporated association

If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.

---

NOTICE TO PARTIES WITHOUT ATTORNEYS

A party representing himself or herself may wish to seek legal assistance. Failure to take time and appropriate action in this case may result in serious legal consequences.

4. I consent to this substitution.
   Date:    12-2-03

Alexis Bronson
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
(TYPE OR PRINT NAME)

▶ _Alexis Bronson_ (signature)
(SIGNATURE OF PARTY)

5. [ ] I consent to this substitution.
   Date:

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
(TYPE OR PRINT NAME)

▶
(SIGNATURE OF FORMER ATTORNEY)

6. [✓] I accept this substitution.
   Date:    12/2/03
Michael E. Cardoza, Esq.
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
(TYPE OR PRINT NAME)

▶
(SIGNATURE OF NEW ATTORNEY)

(See reverse for proof of service by mail)

Form Adopted by the
Judicial Council of California
MC-050 [New January 1, 1998]
Mandatory Form

SUBSTITUTION OF ATTORNEY - CIVIL

Legal
Solutions
® Plus

Code of Civil Procedure, § § 284(1), 285
Cal. Rules of Court, rule 376